## CRESCENT MILL & TRANSPORTATION CO. v. HAYES and Others.

### No. 8948; November 30, 1885.

8 Pac. 692.

**Obstruction of Navigable Water—Injunction—Averment of Special Injury.**—In an action to enjoin defendants from interfering with the navigability of Lake Earl, which was declared by the legislature to be navigable, the complaint shows special injury to the plaintiff where it avers that plaintiff is the owner and in possession of a mill situated on Lake Earl; that it has been such owner and so possessed of this mill for thirteen years next last past; that plaintiff's business is the manufacture of lumber for sale at this mill; that it is necessary that plaintiff should use said lake in transporting the saw-logs cut from its lands to said mill; and that what defendants threaten to do will destroy the navigation of said lake, so that the logs cannot be transported to said mill.[1]

APPEAL from Superior Court, County of Humboldt.

W. A. Hamilton, J. J. De Haven and J. D. H. Chamberlain for appellants; R. G. Knox and L. F. Cooper for respondents.

---

[1] Cited in note in 38 L. R. A., N. S., 767, on private right of action for obstruction of navigable stream.

37

THORNTON, J.—This is an action to enjoin defendants from interfering in the navigability of Lake Earl, which had been by an act of the legislature approved February 4, 1874, declared navigable. The lake is averred to be in fact navigable. It is contended that the contemplated interference would be a public injury; that the complaint does not show any special injury to the plaintiff, and therefore it cannot maintain the action. In this contention we cannot concur.

It is averred in the complaint that the plaintiff is the owner and in possession of a mill situate on Lake Earl; that it has been such owner and so possessed of this mill for thirteen years next last past; that plaintiff's business is the manufacture of lumber for sale at this mill; that it is necessary that plaintiff should use said lake in transporting the saw-logs cut from its lands to said mill; and that what defendants threaten to do will destroy the navigation of said lake, so that the logs cannot be transported to said mill. We think that the above averments show a special injury to the plaintiff. The defenses set up in the answer were demurred to, and the demurrer was sustained. On examination of the answer, we are of opinion that the court committed no error in its ruling. The court finds that all the allegations in the complaint were true. There is no error in the record. Judgment affirmed.

We concur: Morrison, C. J.; Ross, J.; Sharpstein, J.